**Order issued August 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-16-00139-CV

———————————————

### MATULA & MATULA CONSTRUCTION, INC.
### AND CITY OF WEST COLUMBIA, Appellants

### V.

### J. MARCELINO E. CORNEJO GARCIA, ERNESTINA RANGEL, AND
### CHILDREN, M. C., J.J.C. AND M.C., Appellees/Cross-Appellants

On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Case No. 82509-CV

## MEMORANDUM ORDER

Matula & Matula Construction, Inc. (Matula) has filed an unopposed motion

to dismiss its appeal and the cross-appeal filed by J. Marcelino E. Cornejo Garcia,

Ernestina Rangel, and their minor children (Appellees) for lack of jurisdiction. We grant the motion.

The City of West Columbia initiated this appellate cause by perfecting an interlocutory appeal of the district court's denial of the City's plea to the jurisdiction based on sovereign immunity. Thereafter, Matula filed a notice of appeal of the district court's denial of its amended plea to the jurisdiction based on the exclusive jurisdiction of the Division of Workers' Compensation of the Texas Department of Insurance. Finally, Appellees filed a notice of cross-appeal of the district court's denial of their request for attorney's fees in connection with a Texas Rule of Civil Procedure 91a Motion to Dismiss that Matula withdrew.

Generally, this Court has jurisdiction only over final judgments. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012). Section 51.014 of the Civil Practice and Remedies Code provides a narrow exception allowing interlocutory appeals under certain circumstances, including when the trial court denies a plea to the jurisdiction by a governmental entity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2015); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001) (noting "the Legislature's intent that section 51.014 be strictly construed").

Although the City of West Columbia is permitted an interlocutory appeal of the trial court's denial of its plea to the jurisdiction under section 51.014(a)(8) of the

Civil Practice and Remedies Code, this authorization "is not a vehicle which imbues the court with jurisdiction to address interlocutory matters outside the scope of section 51.014." *Waite v. Waite*, 64 S.W.3d 217, 224 n.6 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding court lacked jurisdiction to review interlocutory order awarding attorney's fees in appeal of denial of temporary injunction) (citation omitted). As the motion to dismiss correctly notes, there is no authorization for an interlocutory appeal of either (1) an order denying a plea to the jurisdiction filed by a non-governmental entity like Matula or (2) the order denying Appellees' request for attorneys' fees.

Accordingly, we grant the unopposed motion to dismiss Matula's appeal and Appellees' cross-appeal for lack of jurisdiction. The appeal by City of West Columbia remains pending.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.